LEE, J.
Petitioner appeals from a decision of the Board of Medical Examiners (Board) revoking his license to practice medicine.
In 1973, the Board placed petitioner on probation following petitioner’s admission that he had obtained fees by fraud and misrepresentation. One of the conditions of petitioner’s probation was that:
"[Petitioner] shall at all times treat his patients in accordance with the accepted practices of medical care in this community and shall prescribe only those drugs and medications which are indicated for the diseases and ailments of his patients as are accepted by the medical profession.”
In April, 1976, the Board notified petitioner that a hearing had been scheduled to allow petitioner an opportunity to show cause why his probation and license to practice should not be revoked.
At the hearing three physicians testified for the Board, Drs. Bangs, Hutchinson and Miller. All three concluded that petitioner prescribed excessive amounts of dangerous drugs, and that patients rather than petitioner were determining the types and amounts of drugs to be prescribed. All three doctors concluded that it was not generally accepted practice to prescribe, as petitioner had, dangerous drugs including Valium, Quaalude, phenobarbital, Desoxyn, Percodan, Dexamyl, Meprobamate, Dexedrine, Nembutal, Dilaudid, and Ritalin to heroin addicts. Dr. Bangs testified that petitioner prescribed dangerous drugs such as amphetamines and depressants in a manner which resulted in "therapeutic conflicts”— where the drugs to be taken work at cross purposes. Dr. Bangs also testified that on two occasions petitioner prescribed drugs which should not have been prescribed given the medical history of the particular patient. Dr. Miller testified that petitioner prescribed an inordinate amount of dangerous drugs for relatively minor complaints, and that petitioner *[470] did not perform adequate histories of his patients to determine whether use of any of the drugs might be contraindicated. Dr. Miller also testified that petitioner did not give adequate followup care for a patient who had an abortion. Dr. Hutchinson testified that petitioner did not perform adequate histories or examinations of his patients, and prescribed drugs which were not medically indicated. Dr. Hutchinson testified that necessary laboratory work was often not requested by petitioner, and that petitioner did not adequately follow up on his patients. All three doctors concluded that in light of the above considerations, petitioner had not been following generally accepted medical practices. Following the hearing, the Board held that petitioner had violated the conditions of his probation and also had engaged in "unprofessional or dishonorable conduct,” see, ORS 677. ^Oil)[1], and ordered the revocation of petitioner’s license.
Petitioner contends that the phrase "unprofessional and dishonorable conduct” as used in ORS 677.190(1) is unconstitutionally vague and overbroad. This contention was decided adversely to him in Board of Medical Examiners v. Mintz, 233 Or 441, 378 P2d 945 (1963). We are bound by that decision.
Petitioner also contends that the Board did not properly inform him of the nature of the proceedings against him. ORS 677.200, which governs hearings on the suspension or revocation of medical licenses, provides that such hearings "shall be given * * * in accordance with ORS 183.310 to 183.500 as a contested case.” ORS 183.415 provides:
"(1) In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice * * *
"(2) The notice shall include:
«sf: sf: H* * sf:
*[471] "(c) A reference to the particular sections of the statutes and rules involved; and
"(d) A short and plain statement of the matters asserted or charged.” (Emphasis supplied.)
Here the notice to petitioner stated that a hearing had been scheduled to consider the revocation of petitioner’s probation and license on the grounds that petitioner had "consistently prescribed dangerous drugs to [his] patients in amounts and in a manner which is inappropriate to the treatment of such patients and is not medically indicated.” This notice varied from the conclusions of the Board only in that in addition to finding that petitioner had violated the conditions of his probation, the Board also found that petitioner had engaged in "unprofessional or dishonorable conduct” as used in ORS 677.190(1)
This court is empowered to reverse or remand an order in a contested case only if we find:
"The order to be unlawful in substance or procedure, but error in procedure shall not be cause for reversal or remand unless the court shall find that substantial rights of the petitioner were prejudiced thereby * * ORS 183.482(8)(a).
We conclude that the variance between the notice and the final order of the Board did not prejudice any substantial rights of the petitioner for two reasons. First, there was no variance between the factual matters raised in the notice, those actually litigated at the hearing, and those which the Board’s opinion cites as the basis of its order. Second, it seems likely that the Board perceived no difference between the standard of "Unprofessional or dishonorable conduct” and those set by the terms of petitioner’s probation — the treatment of patients "in accordance with the accepted practices of medical care in this community” and the prescribing of only those drugs and medications which were indicated for the diseases of his patients "as are accepted by the medical profession.” Thus, the violation of the terms of petitioner’s probation would *[472] likewise constitute conduct in violation of ORS 677.190(1).
Petitioner next contends that there is no substantial evidence that he violated the conditions of his probation. The evidence we have summarized above indicates to the contrary.
The remaining assignments of error do not warrant discussion.
Affirmed.

ORS 677.190(1) provides:
"The board may suspend or revoke a license to practice medicine in this state for any of the following reasons:
"Unprofessional or dishonorable conduct.”